IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK OWEN GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2751 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER ON DISMISSAL**

The plaintiff, who may or may not be Mark Owen Green, was formerly incarcerated as inmate #700651 in the Texas Department of Criminal Justice ("TDCJ"). The plaintiff has filed a complaint, presumably under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his recent release from prison onto the form of parole known as mandatory supervision. The plaintiff proceeds *pro se* and *in forma pauperis*. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

I.      BACKGROUND

According to the complaint, Mark Owen Green was convicted in 1994 and sentenced to serve twenty-five years in prison for burglary of a habitation with intent to commit theft. The plaintiff, who insists that he is not really Mark Owen Green, explains that he was placed into TDCJ custody to serve this sentence after he was "physically changed" into Mark Owen Green by an "infrared" device at the Walls Unit in Huntsville.

This physical change was evidently accomplished by the "visual basic computer technology" used by the Texas Board of Pardons and Paroles. The plaintiff explains that this change occurred because he has been "computer chipped by the State of Texas." According to an addendum to the complaint, he was subjected to "detrimental [computer] chipping" by unidentified people at the Governor's Mansion in Austin, Texas, because he refused to "conglomerate" the stock that he owns in OPEC that is worth $300,000.00 and upon which he draws annual royalties.

The plaintiff reports that his name is actually JEB Green. Because he is not actually Mark Owen Green, the plaintiff reasons that he need not comply with the conditions of his release from prison. The plaintiff does not seek monetary damages. Instead, he asks the Court to release him from mandatory supervision. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

Because the plaintiff proceeds *in forma pauperis*, the district court is obligated to scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a *pro se* litigant's pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences

which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

**III.    DISCUSSION**

Liberally construed, the plaintiff's complaint alleges that he was mysteriously transformed into someone else (Mark Owen Green), that he was imprisoned to serve another person's sentence, and subsequently released to mandatory supervision. The allegations referenced in the complaint appear fantastic and factually frivolous. *See, e.g., Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). For this reason, the complaint must be dismissed as frivolous.

Alternatively, even assuming that the allegations are true, the only relief sought by the plaintiff is release from mandatory supervision. It is well settled that the writ of habeas corpus provides the exclusive remedy for this type of challenge. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). By contrast, an action under 42 U.S.C. § 1983 is the appropriate legal vehicle to attack allegedly unconstitutional conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Because the plaintiff's only avenue for such relief is under the federal habeas corpus statutes, his civil rights complaint must be dismissed for failure to state a claim under 42 U.S.C. § 1983.[1]

**IV.   CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim.

2. The order setting this case for an initial pretrial scheduling conference on November 25, 2005 (Docket Entry No. 2) is **VACATED**.

---

[1]   The Court declines to re-characterize this case as a federal habeas corpus proceeding because, in addition to the fanciful nature of the allegations, the plaintiff has not shown that he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).

The Clerk is directed to provide copies of this order to the parties.

SIGNED at Houston, Texas, on the 16th day of Augugst, 2005.

Nancy F. Atlas
United States District Judge